## SANDEFUR v. CANOE CREEK COAL CO.

(Circuit Court of Appeals, Sixth Circuit. November 6, 1923.)

### No. 3813.

Jury ⬅️13(21)—Provision of Clayton Act, requiring jury trial in case "within purview of this act," not limited to employer-employé provision.

Clayton Act, § 22 (Comp. St. § 1245b), requiring a jury trial on demand of one being tried for contempt for violating an injunction in cases "within the purview of this act," is not limited to the employer-employé provision of section 20 (Comp. St. § 1243d), in view of the act as a whole.

In Error to the District Court of the United States for the Western District of Kentucky; Walter Evans, Judge.

Suit by the Canoe Creek Coal Company against S. C. Sandefur and others. The named defendant was fined for contempt for violating an injunction, and he brings error. Question certified to United States Supreme Court.

See, also, 281 Fed. 559.

J. W. Henson, of Henderson, Ky. (Henson & Taylor, of Henderson, Ky., on the brief), for plaintiff in error.

Churchill Humphrey, of Louisville, Ky. (Edward P. Humphrey and William W. Crawford, both of Louisville, Ky., on the brief), for defendant in error.

Before KNAPPEN, DENISON, and DONAHUE, Circuit Judges.

DENISON, Circuit Judge. Upon filing its bill of complaint in the court below, the coal company was granted a preliminary injunction re-

straining many persons, and among them the plaintiff in error, from unlawful activities in the support and promotion of a strike then existing by some of its employés against the coal company. Upon the claim that the plaintiff in error had violated some of the provisions of this injunction, proceedings for contempt were brought against him. His demand for jury trial was overruled. The court heard the issues and found him guilty, held the proceeding to be punitive, and imposed upon him a fine to be paid into court, for the use and benefit of the United States. Upon this writ of error, the sole question presented arises upon the refusal of the demand for a jury trial.

This demand was made in purported pursuance of sections 21 and 22 of the Clayton Act. 38 Stat. 730 (Comp. St. §§ 1245a, 1245b). The acts which were charged to constitute contempt were also criminal offenses under the laws of Kentucky, and hence the situation contemplated by section 21 came into existence. The demand for a jury was refused by the trial judge upon the ground that the case was not one of those "within the purview of this act," as specified in section 22. This view of the act has also been taken, but without discussion, by the Circuit Court of Appeals of the Seventh Circuit. Michaelson v. U. S., 291 Fed. 940.

We cannot accept this construction of that phrase. The act, considered as a whole, covers several more or less distinct subjects. It is entitled "An act to supplement existing laws against unlawful restraints and monopolies, and for other purposes." The first eight sections pertain directly to the subject of trusts and monopolies (Comp. St. §§ 8835a–8835h); section 9 (Comp. St. § 8602) concerns interstate commerce; section 10 (Comp. St. § 8835i), combinations among common carriers; section 11 (Comp. St. § 8835j), proceedings to enforce certain provisions of the act; sections 12–16 (Comp. St. §§ 8835k–8835o), anti-trust procedure and remedies; sections 17–19 (Comp. St. §§ 1243a–1243c), regulations of injunction and restraining orders in all cases; section 20 (Comp. St. § 1243d) limits the power of an equity court to issue any injunction in a certain class of cases, viz., between employer and the employé; and sections 21–24 (Comp. St. §§ 1245a–1245d) pertain to procedure in any District Court, punishing contemptuous disregard of any order of such court, providing the act constituting contempt is also a criminal offense. Observing this relation of the various parts of the act to each other, we think "within the purview of this act" must refer to that portion of the act which most broadly covers the subject-matter to which section 22 is devoted, and this portion is section 21, which reaches all cases where the act of contempt is also a criminal offense. We know of nothing in the legislative history of the act, or within the common knowledge as to the then existing situation, which justifies us in thinking that "within the purview of this act," in section 22, meant to limit its effect to the employer-employé provisions of section 20, or even to the anti-trust scope of some of the earlier sections.

Thus we find ourselves unable to sustain the order upon the ground on which it was based below, and are compelled to come directly to the question whether it was within the power of Congress to say that a

court of equity must not punish for contempt, in any class of cases which Congress might select, except as such punishment might follow conviction by a jury as upon a criminal trial. This question has not been passed upon, as far as we learn, except by the District Court for the Southern District of Florida (In re Atchison, 284 Fed. 604), and the Circuit Court of Appeals of the Seventh Circuit (Michaelson v. U. S., supra). Both these decisions have denied the power; but, for reasons which need not be stated, we have thought the question is one appropriate to certify to the Supreme Court, and have done so.